UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA DEANGELO, as Independent Executor of the Estate of CAROLE GENTILE, Deceased,<br><br>  Plaintiff,<br><br>  v.<br><br>ARTIS SENIOR LIVING OF ELMHURST, LLC, a Foreign Limited Liability Company d/b/a Artis Senior Living of Elmhurst, and ARTIS SENIOR LIVING, LLC, a Foreign Limited Liability Company,<br><br>  Defendants. | No. 22 C 02538<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a complaint in the Circuit Court of DuPage County nominally alleging state law claims for negligence and wrongful death. The complaint generally alleges that the decedent, Carole Gentile, died from COVID-19 due to mismanagement and deficiencies in care at her assisted living facility, which is owned and operated by Defendants. Defendants removed the complaint to this Court, asserting jurisdiction under 28 U.S.C. § 1331 and § 1442(a)(1). Now before the Court is Plaintiff's motion to remand the case to state court. For the reasons set forth below, Plaintiff's motion is granted.

**Background**

Defendants operate a nursing home facility, Artis Senior Living, where Gentile was a resident in the spring of 2020. On April 9, 2020, Gentile presented with a cough

1

and fever, and a COVID-19 test came back positive. Her clinical condition deteriorated over the next two days, and she was moved to hospice care. Gentile died April 28, 2020, of acute respiratory failure and COVID-19. By May 1, 2020, Artis Senior Living had confirmed 37 COVID cases and 11 COVID-related deaths at the facility, including Gentile.

Plaintiff filed her complaint in the Circuit Court of DuPage County, Illinois, on April 4, 2022. The complaint contains eight counts covering common law negligence, wrongful death, and willful and wanton versions of both. According to the complaint, Artis Senior Living suffered from years of mismanagement, including the misallocation of resources and understaffing. When the COVID-19 pandemic began, Defendants allegedly failed to take appropriate steps for the protection of the vulnerable population living in the facility. For example, the complaint alleges Defendants failed to procure sufficient personal protective equipment ("PPE") for staff and residents and failed to implement or follow adequate infection control policies. Plaintiff alleges these failings amounted to a conscious disregard for the health and safety of Artis Senior Living residents, including Gentile.

Defendants timely removed the case to this Court on May 13, 2022, and simultaneously moved to dismiss the complaint. As a basis for removal, Defendants asserted that Plaintiff's claims are completely preempted by the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e ("PREP Act"), or raise a substantial federal issue, conferring federal question jurisdiction under 28 U.S.C. § 1331. Alternatively, Defendants invoked jurisdiction under the federal

2

officer removal statute, 28 U.S.C. § 1442(a)(1). After Plaintiff filed the instant motion to remand, the Court entered an agreed order continuing the motion to dismiss pending a ruling on federal jurisdiction. R. 14.

## Legal Standard

Removal is governed by 28 U.S.C. § 1441, which provides, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## Analysis

Defendants' notice of removal offers three potential avenues to establish federal jurisdiction: (1) complete preemption under the PREP Act; (2) embedded, substantial federal issue; and (3) the federal officer removal statute. As explained below, the Court concludes that none of these jurisdictional hooks apply in this case and remand is therefore required.

3

I.  **Complete Preemption under the PREP Act**

Under the well-pleaded complaint rule, federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff may therefore "avoid federal jurisdiction by exclusive reliance on state law." *Id.* In this case, Plaintiff's complaint includes only state-law claims, which would seem to defeat federal question jurisdiction.

The complete preemption doctrine functions as a "narrow exception" to this rule. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 5 (2003). "When [a] federal statute completely pre-empts [a] state law cause of action, a claim which comes within the scope of the cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 8. According to Defendants, Plaintiff's claims are completely preempted by the PREP Act and therefore arise under federal law for purposes of conferring subject matter jurisdiction under § 1331. They characterize Plaintiff's complaint as raising claims based on "misallocation" or "non-use" of PPE, both of which they contend are encompassed by the PREP Act.

The PREP Act, enacted in 2005, protects "covered person[s]" from liability in suits "arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure" during public health emergencies. 42 U.S.C. § 247d-6d(a)(1). This immunity "applies to any claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure." *Id.* § 247d-6d(a)(2)(B). "Covered countermeasures" include drugs,

4

biological products, and "respiratory protective devices." *Id.* § 247d-6d(i)(1). The Act provides an exception to this immunity for claims that a covered person's "willful misconduct" proximately caused death or injury. *Id.* § 247d-6d(d)(1). Such claims must be brought in the U.S. District Court for the District of Columbia and are subject to administrative exhaustion requirements. *Id.* § 247d-6d(e)(1).

Before reaching the question of whether the PREP Act preempts Plaintiff's state law causes of action in this case, the Court considers whether those claims even fall within its scope. It is undisputed that "covered countermeasures" include PPE, and that Defendant qualifies as a "covered person" under the Act. However, the PREP Act's text refers to claims arising from or relating to the *administration of* or *use of* a countermeasure. Accordingly, courts have almost uniformly held that the PREP Act "does not address state-law claims based on a failure to deploy countermeasures, and therefore the Act cannot completely preempt such suits." *Mackey v. Tower Hill Rehab., LLC*, 569 F. Supp. 3d 740, 746 (N.D. Ill. 2021); *see also Dupervil v. Alliance Health Operations, LLC*, 516 F. Supp. 3d 238, 255 (E.D.N.Y. 2021) ("[T]here is a growing consensus among courts across the country that state-law claims of negligence and wrongful death brought against a nursing home for failure to protect against the spread of COVID-19, like those that Plaintiff alleges, are not properly characterized as federal-law claims under the PREP Act."); *Estate of Maglioli v. Andover Subacute Rehab. Ctr. I*, 478 F. Supp. 3d 518, 531 (D.N.J. 2020) (noting that the PREP Act was "designed to protect those who employ countermeasures, not those who decline to employ them").

5

Plaintiff's complaint does not allege an injury resulting from the administration of or use of covered countermeasures. Rather, it alleges the opposite— Plaintiff describes her claims as arising from Defendants' "utter failure to undertake applicable countermeasures." R. 18, at 3. The Court agrees with this characterization and is persuaded by the numerous other decisions considering comparable claims. For example, the *Mackey* court concluded that a complaint with very similar allegations[1] was "more fairly read as alleging the nonuse of countermeasures" and therefore was not covered by the PREP Act. 549 F. Supp. 3d at 747; *see also Ruiz v. ConAgra Foods Packaged Foods, LLC*, 2021 WL 3056275, at *4 (E.D. Wis. July 20, 2021); *Brown v. Big Blue Healthcare, Inc.*, 480 F. Supp. 3d 1196, 1205-06 (D. Kan. 2020). The Court sees no meaningful distinction between the complaint in this case and the pleadings in those cases, and likewise concludes that Plaintiff's claims here fall outside the scope of PREP Act immunity because they are premised on *non-use* of countermeasures.

Defendants' arguments to the contrary are unavailing, and have been rejected by other courts in nearly identical form. First, they seize on two paragraphs in the complaint to frame the claims as arising from "the manner in which [Defendants] allocated and implemented countermeasures in responding to" COVID-19. Those paragraphs allege:

---

[1] The striking similarity between *Mackey* and this case is no doubt explained in part by the fact that the plaintiff and defendants in that case were, respectively, represented by the same counsel representing the parties here.

> 97. Despite the Defendant's abilities, at all times relevant to this Complaint, the Defendant, Artis Senior Living of Elmhurst, did not exercise reasonable and due care as Defendant failed to utilized their resources, and **failed to purchase, provide, and/or monitor the number of PPE** available to its employees and staff, which increased risk of contraction and transmission of respiratory illnesses and other viruses by means of respiratory droplets, including but not limited to, COVID-19.
>
> 98. At all times relevant to this Complaint, Defendant, Artis Senior Living of Elmhurst, did not exercise reasonable and due care as the Defendant both allowed and encouraged the nursing staff to provide care to a number of different residents, including Carole, **without adequate numbers**, qualities, and/or sanitized PPE.

R. 15, at 13-14. Defendants then attempt to augment these allegations by bringing in their own facts concerning the scarcity of PPE. *Id.* The court in *Mackey* rejected this exact argument, explaining that while "[s]uch evidence may well be relevant to a defense on the merits ... a defendant may not manufacture federal jurisdiction by reading its preferred set of facts into the Complaint." 569 F. Supp. 3d at 747; *see also Anson v. HCP Prairie Village KS OPCO LLC*, 523 F. Supp. 3d 1288, 1300 (D. Kan. 2021) (rejecting defendants' attempt to "contort plaintiff's allegations of inaction into action"). Even if the Court were to credit Defendants' supplemental facts, they do not change the nature of Plaintiff's claims in a way that would bring those claims within the scope of the PREP Act.

Defendants' textual argument fares no better. They note that the PREP Act uses broad language to define its scope, reaching "all claims for loss caused by, *arising out of, relating to*, or resulting from the administration to or the use by an individual of a covered countermeasure." R. 15, at 15 (quoting 42 U.S.C. § 247d-6d(a)(1)). But Defendants' focus on the emphasized language ignores the rest of the provision, which

7

still requires a causal nexus with administration or use of a countermeasure. *Compare Parker v. St. Lawrence Cty. Pub. Health Dep't*, 102 A.D.3d 140 (N.Y. App. Div. 2012) (finding PREP Act preempted claims arising from administration of flu vaccine during public health emergency), *with Casabianca v. Mount Sinai Med. Ctr.*, 2014 WL 10413521, at *4 (N.Y. Sup. Ct. Dec. 2, 2014) (concluding PREP Act did not apply to injury that was not "caused by physical provision of a countermeasure to a recipient"). Defendants' analogy to ERISA, which broadly preempts state laws that "relate to" employee benefit plans, *see Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983), also fails to account for this differentiating limitation. *See Mackey*, 569 F. Supp. 3d at 749 (rejecting analogy between PREP Act and ERISA).

Finally, Defendants cite to an Advisory Opinion from the Office of General Counsel of the Department of Health and Human Services ("AO 21-01"), and a Statement of Interest filed by the Department of Justice in another case, *Bolton v. Gallatin Ctr. for Rehab. & Healing, Inc.*, 535 F. Supp. 3d 709 (M.D. Tenn. 2021). Both sources express the view that the PREP Act is a complete preemption statute and reaches certain claims of "non-use." Defendants argue AO 21-01 is entitled to deference under *Chevron USA, Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984), and that the DOJ statement is entitled to "considerable respect."

With few exceptions, courts have disagreed with Defendants' position on the significance of these opinions. As many of these cases recognize, AO 21-01 is not a regulation and does not carry the force or effect of law, and therefore does not warrant *Chevron*-style deference. *Christensen v. Harris Cty.*, 529 U.S. 576, 587 (2000); *see also*

8

*Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 687 (9th Cir. 2022) ("[A]n agency's opinion on federal court jurisdiction is not entitled to *Chevron* deference."); *Mackey*, 569 F. Supp. 3d at 747-51, 748 n.7 (rejecting argument that AO 21-01 or DOJ's statement are binding and finding both unpersuasive on similar facts); *Martin v. Petersen Health Operations, LLC*, 2021 WL 4313604, at *9 (C.D. Ill. Sept. 22, 2021) (finding AO 21-01 unpersuasive because it "has neither a legal nor logical basis for reading wholesale nonuse into the statute"). And the Statement of Interest filed in *Bolton* took no position on whether the claims alleged in that case actually fell within the scope of the PREP Act. *Bolton*, 535 F. Supp. 3d at 720 n.8. Neither of these opinions prompt the Court to adopt Defendants' position here.

In light of these conclusions, the Court need not consider whether the PREP Act functions as a complete preemption statute. *See Brown*, 480 F. Supp. 3d at 1204. The Court also takes no position on whether Plaintiff's allegations are sufficient to state a claim under Illinois law. It is enough to say that the PREP Act does not transform Plaintiff's state-law claims into federal claims for jurisdictional purposes.

## II.  Embedded, Substantial Federal Issue

As an alternative to complete preemption, Defendants assert federal jurisdiction under the standard set out in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Under *Grable*, state-law claims may still invoke federal question jurisdiction if they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing

9

any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

Because PREP Act immunity functions as an affirmative defense, "a PREP Act preemption defense is not 'necessarily raised' by a well-pleaded state-law negligence complaint," and the first element of the *Grable* standard is not satisfied. *Magliolii v. Alliance HC Holdings LLC*, 16 F.4th 393, 413 (3d Cir. 2021); *see also Mackey*, 569 F. Supp. 3d at 751; *Bolton*, 535 F. Supp. 3d at 717. Nor does the mere possibility that the PREP Act might ultimately provide Defendants with a defense to Plaintiff's claims (a question left for the state court to decide) mean that those claims "are affirmatively premised on, or on their face necessarily require resolution of, the PREP Act." *Dupervil*, 516 F. Supp. 3d at 258; *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983) ("[A] case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."). The Court therefore concludes that no federal jurisdiction exists under the "embedded federal issue" standard in this case.

### III. Federal Officer Removal Statute

Although Defendants invoked the federal officer removal statute, 28 U.S.C. § 1442(a)(1), in their notice of removal, they did not respond to Plaintiff's argument that § 1442 does not apply in this case. The Court may therefore consider this ground forfeited. *See Bates v. Harden*, 2019 WL 3554118, at *1 (N.D. Ill. Aug. 2, 2019).

10

Regardless, the Court concludes that § 1442 is inapplicable here. "Federal officer removal is appropriate when 'the defendant (1) is a person within the meaning of the statute, (2) is acting under the United States, its agencies, or its officers, (3) is acting under color of federal authority, and (4) has a colorable federal defense.'" *Baker v. Atl. Richfield Co.*, 962 F.3d 937, 941 (7th Cir. 2020). However, "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.'" *Watson v. Philip Morris Cos.*, 551 U.S. 142, 153 (2007). This is true "even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id.*

Citing these principles, other courts have rejected similar contentions that operation in the highly regulated nursing care industry, even within the context of the COVID-19 pandemic, permits a private entity to remove a case under § 1442(a)(1). *See, e.g.*, *Mackey*, 569 F. Supp. 3d at 752; *Thomas v. Pomona Healthcare & Wellness Ctr.*, 2022 WL 845349, at *4-5 (C.D. Cal. Mar. 22, 2022), *appeal docketed*, No. 22-55412 (9th Cir. Apr. 22, 2022). Defendants' notice of removal recites an extensive regime of regulations and directives governing Artis Senior Living's operations, but Defendants nonetheless remained private service providers. Defendants have not demonstrated that Artis Senior Living was helping to carry out the duties of a federal superior. *See Watson*, 551 U.S. at 152; *Maglioli*, 16 F.4th at 405 (refusing to extend federal officer removal to nursing homes, notwithstanding their designation as

11

"essential critical infrastructure"). Accordingly, this case may not be removed under § 1442(a)(1).

## Conclusion

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case. Plaintiff's motion to remand [R. 11] is granted. Defendants' motion to dismiss [R. 5] is denied as moot.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: August 15, 2022